Alaa Mohamed **KHADER**, Petitioner,

v.

Alberto **GONZALES**, United States Attorney General, Respondent.

No. 02–4789.

United States Court of Appeals, Second Circuit.

March 9, 2005.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Maria M. Mlynar, Civil Division, Office of Immigration Litigation, U.S. Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, for Respondent, of counsel).

Present: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals be, and it hereby is, DENIED.

Petitioner Alaa Mohamed Khader petitions for review of a May 17, 2002, order of the Board of Immigration Appeals (BIA) dismissing the petitioner's appeal of an Immigration Judge's April 20, 1999, denial of his petition to reopen his deportation proceedings. His deportation proceedings had resulted in a October 25, 1995, order of deportation *in absentia.*

We review denials of motions to reopen for an abuse of discretion. *See Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999). Where the BIA "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements" the BIA has abused its discretion. *Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). When the BIA has applied the correct law, we will reverse its decision to deny a motion to reopen deportation proceedings only when that decision "was arbitrary, capricious, ... or otherwise not in accordance with the law." *Iavorski v. I.N.S.,* 232 F.3d 124, 128 (2d Cir.2000) (internal quotation marks and citations omitted).

Upon a thorough review of the specific facts in this case, we cannot conclude that the BIA misapplied the then-applicable law or abused its discretion in denying Khader's motion to reopen. *See* 8 U.S.C. § 1252b(a)(2)(1994) (repealed 1996). Khader signed the Order to Show Cause ("OSC") with which he was personally served, and which clearly indicated an address at which he would be contacted in the future. The OSC clearly stated that Khader was "required to provide written notice, within five (5) days, of any change in [his] address or telephone number to the office of the Immigration Judge listed in [the OSC]." Having been placed on notice, it was Khader's responsibility to notify the INS of any change in address, which he failed to do. *See* 8 U.S.C. § 1252b(a)(1)(F)(1994) (repealed 1996). For that reason, we must deny Khader's petition.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.